**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Delicia Y.,[1]

Plaintiff,

v.

Frank Bisignano,
Acting Commissioner of Social Security,

Defendant.

Case No. 25-cv-4297 (SGE)

**ORDER**

---

This matter is before the Court and under its jurisdiction pursuant to 42 U.S.C. § 405(g). On appeal, Plaintiff Delicia Y. seeks judicial review of the final decision of the Commissioner of Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Both parties consented to the disposition of the present case by the undersigned Magistrate Judge under 28 U.S.C. § 636(c). Both Ms. Y and the Commissioner have fully briefed their positions, and this matter is now ripe for review. (Dkts. 12, 14, 15.) For the reasons below, the Court grants Ms. Y's request for relief and denies the Commissioner's request for relief.

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as the present Report and Recommendation. Thus, when the Court refers to Plaintiff by her name, only her first name and last initial are provided.

## BACKGROUND

Ms. Y applied for DIB under Title II on August 11, 2022, alleging a disability onset date of May 18, 2008.[2] (Admin. R. at 10.) Ms. Y's claims were initially denied on July 5, 2023, and upon reconsideration on November 6, 2023. (*Id.*) Ms. Y then requested that an ALJ review the denials. (*Id.*) On January 10, 2025, the ALJ held an administrative hearing at which Ms. Y, accompanied by counsel, and an independent vocational expert ("VE") testified. (*Id.*; *id.* at 38-91.) The ALJ issued a decision on February 14, 2025, denying Ms. Y's request for disability benefits. (*Id.* at 10-24.)

In reaching her decision, the ALJ followed the five-step sequential analysis process laid out in 20 C.F.R. §§ 404.1520(a), 416.920(a).[3] At step one the ALJ determined that Ms. Y had not engaged in substantial gainful activity between July 1, 2021, and September

---

[2] Ms. Y previously received disability benefits from May 17, 2008, to April 30, 2021. (Admin R. at 10.) The Social Security Administration determined that she was no longer disabled as of April 30, 2021. (*Id.*) Ms. Y did not appeal that decision but moved to reopen the prior cessation of benefits in this context of her current application. (*Id.*) The ALJ denied the request and determined that the "period at issue is July 1, 2021, through September 30, 2023, the date last insured." (*Id.* at 10-11.) That decision is not at issue here.

[3] Step one of this process involves determining whether a claimant is engaged in substantial gainful activity. If not, the ALJ must next decide (in step two) whether the claimant's impairments are severe, and of a duration of at least 12 continuous months. At step three, the ALJ determines whether the claimant's impairments are severe enough to equal a listed impairment under appendix 1 to subpart P of part 404. If so, the claimant is considered disabled without further inquiry. If not, the ALJ must determine the claimant's RFC, and determine (at step four) whether the claimant can still do their past work given their limitations. Finally, if the ALJ concludes that a claimant cannot perform their prior work, step five requires the ALJ to determine whether they can do other work considering their RFC, age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)(i–v).

30, 2023. (Admin. R. at 13.) At step two, the ALJ found that Ms. Y had the following severe impairments: right rotator cuff tendonitis, right carpal tunnel syndrome, asthma, migraines, depression, borderline intellectual functioning, and anxiety. (*Id.*) At step three, the ALJ determined that Ms. Y did not have an impairment or combination of impairments that met or equaled the severity of a listed impairment under appendix 1 to subpart P of part 404. (*Id.* at 14-17.) The ALJ then made the following residual functional capacity ("RFC") determination:

> I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can frequently finger, handle and reach overhead with the right upper extremity. The claimant can occasionally climb ramps and stairs, crouch and crawl. The claimant is limited to no climbing ladders, ropes or scaffolds; no unprotected heights or dangerous moving machinery; no vibration; and no loud noise above a level 3. The claimant is limited to no extreme cold/heat/humidity/ wetness; and no concentrated exposure to environmental irritants (fumes, odors, dusts, gases) or poorly ventilated areas. The claimant is limited to simple, routine tasks, performed in a work environment free of fast paced production requirements; involving only occasional, simple work-related decisions and routine workplace changes; no direct interaction with the general public; and occasional interaction with coworkers and supervisors.

(*Id.* at 17.) After determining Ms. Y's RFC, the ALJ found at step four that Ms. Y had no past relevant work. (*Id.* at 22.)

At step five, the ALJ found that other jobs existed in significant numbers in the national economy that Ms. Y could perform. (*Id.* at 22-23.) Relying on the testimony from the VE, the ALJ found that Ms. Y could perform the job requirements of "marker," of which there are 60,000 jobs available nationally; "garment sorter," of which there are 24,000 jobs nationally; and "classifier," of which there are 55,000 jobs nationally. (*Id.* at

23.) Because the ALJ determined that Ms. Y could perform jobs that exist in significant numbers in the national economy, she concluded that she was not disabled. (*Id.* at 24.)

Ms. Y sought review of the ALJ's decision by the Appeals Council, which was denied on September 8, 2025. (*Id.* at 5.) Ms. Y then filed this action challenging the ALJ's decision. (Dkt. 1.)

## STANDARD OF REVIEW

Following a final decision from the Commissioner, the claimant may elect to seek judicial review of the determination. 42 U.S.C. § 405(g). Under this review, the District Court is limited to a determination of "whether the ALJ's decision complies with the relevant legal standards and is supported by substantial evidence in the record as a whole." *Lucas v. Saul*, 960 F.3d 1066, 1068 (8th Cir. 2020) (quoting *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)); 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021) (quoting *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012)). The ALJ must build a logical bridge between the RFC and the evidence. Social Security Ruling ("SSR") 96-8p.

"If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012) (quoting *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th 2001)). Essentially, the ALJ's decision should not be disturbed just because the Court might have reached a different conclusion. *Kraus*, 988 F.3d at 1024. The decision of the ALJ to deny benefits

will not be reversed by the Court "so long as the ALJ's decision falls within the 'available zone of choice.'" *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008) (quoting *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007)).

## ANALYSIS

Ms. Y raises two challenges to the ALJ's decision: (1) the RFC does not properly account for her social interaction limitations because the ALJ inexplicably omitted the "brief" and "infrequent" limitations recommended in medical opinions that she found persuasive, and (2) the decision does not assess whether her migraines equal a listed impairment under step three or the RFC. Ms. Y therefore asks this Court to remand for further proceedings. The Commissioner counters that the RFC is supported by substantial evidence and asks the Court to affirm the ALJ's decision.

### I. Social Interaction Limitations

Ms. Y contends that by failing to include the terms "brief" and "superficial" in the RFC's determination that she can have "occasional" interaction with coworkers and supervisors, the ALJ failed to account for all of the limitations within the opinions the ALJ found persuasive, resulting in an incomplete RFC. She specifically argues that the ALJ failed to explain why she departed from the medical opinions she found persuasive by omitting "brief" and "superficial" in the determination of her limitations.

An ALJ is "free to accept some, but not all, of a medical opinion" and "is not required to 'explicitly reconcile every conflicting shred of medical evidence.'" *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)); *Nash*, 907 F.3d at 1091 (explaining that an ALJ need not "mechanically list

and reject every possible limitation") (quoting *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011)). Nor is an ALJ "required to adopt the exact limitations set in the opinions [he] found persuasive." *Wyatt v. Kijakazi*, No. 23-1559, 2023 WL 6629761, at *1 (8th Cir. Oct. 12, 2023) (per curiam).

Here, the ALJ evaluated the opinions from state agency psychologists, who opined that that Ms. Y's ability to interact with the public, coworkers, and supervisors should be limited to "brief" and "superficial" contact. (Admin. R. at 20, 97, 101, 114, 984.) The AJL found those opinions to be persuasive. (*Id.* at 20, 22.) The ALJ did not rely on other medical opinions in determining Ms. Y's RFC. (*See id.* at 20-22.)

It is well established that the ALJ did not have to adopt the medical opinions word-for-word and did not err merely by leaving "brief" and "infrequent" out of the RFC. *See Jennifer L. v. Comm'r of the Soc. Sec. Admin.*, No. 23-cv-1822 (KMM/TNL), 2024 WL 4120375, (D. Minn. June 27, 2024), *R&R adopted*, 2024 WL 4003021, at *2 (D. Minn. Aug. 30, 2024) ("An RFC determination is not erroneous simply because the ALJ does not adopt, word-for-word, the limitations set forth in a medical opinion that the ALJ finds persuasive . . . [r]ather the focus is on whether substantial evidence supports the RFC.") (citing *Wyatt*, 2023 WL 6629761, at *1). That said, Ms. Y's contention regarding the lack of explanation from the ALJ on why she excluded "brief" and "superficial" from the RFC assessment has merit.

"[I]f an ALJ fails to explain their evaluation of the persuasiveness of the record's prior administrative medical findings, that is a legal error subject to de novo review." *Jolene J.-D. v. O'Malley*, No. 23-cv-2297 (JMB/DLM), 2024 WL 3488001, at *7

(D. Minn. July 1, 2024), *R&R adopted*, 2024 WL 3470786 (D. Minn. July 19, 2024) (citing *Joel M. B. v. Kijakazi*, No. 21-cv-1660 (PAM/ECW), 2022 WL 1785224, at *2 (D. Minn. June 1, 2022)); *Michael B. v. Kijakazi*, No. 21-cv-1043 (NEB/LIB), 2022 WL 4463901, at *1 (D. Minn. Sept. 26, 2022).

"While the ALJ does not have to incorporate every limitation recommended by medical evaluators, the decisions about which limitations to include or exclude must be well-supported by evidence and clearly explained." *Jason L. v. O'Malley*, No. 23-cv-184 (JWB/JFD), 2024 WL 965240, at *2 (D. Minn. Mar. 6, 2024); *Jolene J.-D.,* 2024 WL 3488001, at *7 ("The Court understands the law to be that both must be present: an ALJ's decision must be substantially supported by the evidence in the record, and, where the ALJ's decision does not adopt a part of the medical findings, they must explain why, such that their explanation is reviewable."); *but see Jennifer L.*, 2024 WL 4003021, at *5 (finding that "remand is not warranted for further explanation of the ALJ's decision not to specifically include a superficial-interaction limitation") and *W. v. Kijakazi*, No. 22-cv-2612 (PAM/TNL), 2023 WL 2540566 at *2-3 (D. Minn. Mar. 16, 2023) (acknowledging plaintiff's argument that the ALJ failed to explain but concluding that ALJ's decision was supported by substantial evidence), *aff'd sub nom. Wyatt v. Kijakazi*, No. 23-1559, 2023 WL 6629761 (8th Cir. Oct. 12, 2023).

Here, the ALJ did not explain why she failed to include the words "brief" and "superficial" in her RFC, despite finding the psychologists' opinions using these words to be persuasive. The Court finds that the ALJ erred in failing to adequately explain her omission of the psychological experts' findings that Ms. Y be limited to "brief" and

"superficial" interactions with coworkers and supervisors, and substituting her own finding that Ms. Y merely be limited to engaging in "occasional" contact with coworkers and supervisors. (Admin. R. at 17.)

Without an explanation, the Court cannot determine "whether the ALJ intended to omit th[ese] limitation[s] (and if so, why), whether [s]he improperly conflated these terms, or whether [s]he meant to substitute a more vocationally relevant term but then neglected to address the quality and duration of [Ms. Y's] workplace interactions elsewhere in the Decision." *Nathan L.*, 2024 WL 3015139, at *5. The Court "should not be left 'to speculate on what basis the Commissioner . . . denied a claim.'" *Id.* (quoting *Collins v. Astrue*, 648 F.3d 869, 872 (8th Cir. 2011)).

The ALJ's error in this regard was not harmless given that the exclusion of "brief" and "infrequent" could well have altered the analysis as to the jobs available to Ms. Y given her limitations, and therefore the ALJ's decision.

## II. Consideration of Migraines

Ms. Y also argues that the ALJ erred in failing to consider whether her migraines equal a listed impairment under step three of her analysis under Listing 11.02.[4] The Commissioner responds that substantial evidence supports the ALJ's overall determination that Ms. Y is not disabled and that Ms. Y failed to meet her burden of proving otherwise.

[4] Because migraines are not a listed impairment, the ALJ must look to the "most closely analogous listed impairment." SSR 19-4p, 2019 WL 4169636 (SSA Aug. 26, 2019). The SSA has determined that "Epilepsy (listing 11.02) is the most closely analogous listed impairment for an MDI of a primary headache disorder." *Id.* at *7.

It is undisputed that the ALJ did not assess Ms. Y's migraines in step three despite concluding that they constituted a severe impairment. (*See* Admin. R. at 13-17.)

The Eighth Circuit has held that failing to assess whether a claimant's impairment equals a listed impairment constitutes reversible error. See *Chunn v. Barnhart*, 397 F.3d 667, 672 (8th Cir. 2005) ("The ALJ failed to support his finding on step three that Chunn's impairments did not equal a listed impairment, and it is not clear from his decision that he even considered whether Chunn met the requirements for listing 12.05C. For these reasons, the case must be remanded for further consideration and findings[.]"). Thus, regardless of the claimant's burden, it is the ALJ's job in the first instance to properly apply the regulations and the accompanying rulings to determine whether a claimant's impairments meet or medically equal a listed impairment, and it is unclear whether the ALJ even considered whether Ms. Y's migraines meet or medically equal the requirements for Listing 11.02. Accordingly, remand is required.

## <u>CONCLUSION</u>

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Ms. Y's request for relief (Dkt. 12, 15) is **GRANTED**.

2. The Commissioner's request for relief (Dkt. 14) is **DENIED**.

3. This matter is **REMANDED** to the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g) for further explanation as to why Ms. Y's RFC should or should not include the limitations that she have "brief and superficial contact"

with coworkers, supervisors, and the public and as to whether Ms. Y's migraines meet or medically equal the requirements for Listing 11.02.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 26, 2026

*s/ Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge